IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JESUS GONZALES PEREZ,<br><br>                    Defendant. | CASE NO.  1:07-CR-00016-AWI-4<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2)<br><br>(Doc. 158) |

    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10.  For the following reasons, the Court will deny the defendant's motion.

    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

sentenced defendants.

However, pursuant to U.S.S.G. §1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010). Further, Section 1B1.10(b)(2)(A) provides that except where a defendant received a reduction based on substantial assistance to the government, the court shall not reduce the defendant's term of imprisonment under Section 3582(c)(2) to a term that is less than the minimum under the amended guideline range.

In this case, this Court found a base offense level of 38 pursuant to U.S.S.G. §2D1.1, as the quantity of methamphetamine involved in the offense was approximately 2.3 kilograms of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(1) (2010). The Court then applied a three-level downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 35. Based on the defendant's 7 criminal history points – establishing a criminal history category of IV – the Court determined that the applicable guideline sentencing range was 235 to 293 months. The United States Probation Office recommended a sentence of 200 months. However, in considering the factors articulated in 18 U.S.C. § 3553(a), the Court determined that 180 months was a reasonable sentence and sentenced accordingly. *See* Doc. 156 at 2.

Under the amended guidelines, an offense level of 36 applies where the quantity of actual methamphetamine falls between 1.5 and 4.5 kilograms. The defendant's amended base offense level therefore falls at level 36. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Accordingly, the Court in calculating the amended range the Court applies a three-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), for a total amended offense level of 33. Based on the defendant's criminal history category of IV, the amended guideline range is 188 to 235 months. As a result, the Amendment 782 to the Sentencing Guidelines

does not result in a guideline range below the sentence actually imposed. Because this Court does not have the discretion to sentence below the amended guideline range (*see* U.S.S.G. § 1B1.10(b)(2)(A)), the Defendant's motion must be denied. See U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2014) (authorizing a departure below the guideline range only if the defendant was found to have provided substantial assistance to the authorities).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   August 17, 2015                                  _____
                                                          SENIOR DISTRICT JUDGE